PER CURIAM:
| ^Denied. Relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining claims are unsupported and/or not cognizable on collateral review. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.3. We attach hereto and make part hereof the District Court’s written reasons for denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive 1 ^application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
IsAttachment
*226 STATE OE LOUISIANA vs. CHRISTOPHER DAVIS
CRIMINAL MSTRICTCOURT
ORLEANS PARISH
CASE NO. 515-194 L

RULING

Petitioner was charged by Grand Jury Indictment with four counts of aggravated rape, one count of armed robbery, and one count of aggravated kidnapping. The New Orleans Police Department Report Case Summary reflects that a viotim was approached by two unknown black males, at least one of the males possessing a silver handgun, demanding money. When the victim had none to give, the two perpetrators forced her into a vehicle where a third perpetrator was driving. The victim reports mat ail three of the subjects threatened her life if she did not do what she was told, Two males sat in the back seat of the vehicle on either side of the victim while the third perpetrator drove them to various ATM machine’s attempting to use her debit card, The victim stated that both males in the rear seat forced her to perform oval sex on them while in the oar. At one point the driver provided a condom to one of the perpetrators in the tear seat. The perpetrator with the condom thereafter forced her into vaginal sex two times.
The perpetrator on the other side of the viotim also had vaginal sex with tire viotim without a condom. At all times, the driver continued to drive the .victim and co-defendants around while committing numerous crimes and acts of violence against the viotim. At no point did tire driver do anything to help the viotim and even provided a condom when asked. ' Admittedly, the victim could not identify the driver. A photo was obtained from one of the ATM machines which led to the arrest of a fifteen year old, sixteen year old, and eighteen year old and the recovery of the weapon,
Petitioner, who was the eighteen year'old and the driver, pled guilty on September 13, 2013, to the following reduced charges: four counts of forcible rape, one count of armed robbery with a firearm, and one count of second degree kidnapping. The State agreed not to file any sentencing or .firearm enhancement. The State further,agreed not to call Petitioner to testify as to a co-defendant.
Petitioner has filed with this Court a Post Conviction Relief Application alleging that his ' guilty plea was entered as a result of ineffective assistance of counsel, that the evidence does *227 not support the charges because he never had intercourse with the victim, that his sentence is cruel and unusual, that his plea was unknowing because he did not understand the charges against him, and that he was not advised of his Fifth Amendment right.
Ineffective assistance of counsel claims are analyzed under the two prong test of Strickland v. Washington, 466 U. S. 668, 104 S. Ct. 2052 (1984). A Petitioner must first demonstrate that'his counsel’s performance was deficient and then that the deficient performance prejudiced die defense. When a Petitioner has pled guilty, in order to prove the prejudice necessary under Strickland's second prong, he must show that there is a reasonable probability that but for counsel’s errors, he would hot have pled guilty and would have insisted on going to trial. Hill v. Lockhardt, 474 U.S. 52, 58, 106 S. Cr. 366, 370, 88 L. Ed. 2d 203 (1985).
Petitioner claims that Ms counsel’s performance was deficient by failing to investigate Petitioner’s claim of innocence and that had he investigated tbs police report he would have learned that the petitioner did not have intercourse with the victim. Petitioner further argues that his counsel's advice was erroneous when he was told that it did not matter whether he actually had intercourse with the victim and that he was facing a life sentence in prison if he did not take the plea bargain offered by the State for 35 years with the Department of Corrections.
This Court, although not a parly to confidential conversations between Petitioner and his counsel, can only reason that defense counsel informed Petitioner that in accordance with La. R.S. 14:24 he is a principal to the crimes charged. La. R.S, 14:24 provides that ’‘all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and 'abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals," Therefore, by Petitioner partaking in. this crime as he himself refers to as “horrific” in his Post Coaviation Relief Application, page 3, he was Charged correctly as a principal. His counsel’s advice was not erroneous and therefore not deficient. Petitioner’s further claims of ineffective assistance must bedenied as they result from Petitioner's incorrect belief regarding Louisiana’s definition of “principals” to a crime.
The additional claims of ineffective assistance relating to his guilty plea are failure to request an examination to determine If he was competent to waive his rights, that Petitioner did not understand the charges, and that he was not advised of his Fifth Amendment rights. The transcript of Petitioner’s guilty plea indicates thatP'etitionec understood all charges against him, *228 fhat Petitioner’s counsel had. the opportunity to consult with Petitioner’s family prior to the plea (Transcript p. 12), and that Petitioner was advised of and explained his Fifth Amendment right by this Court (Transcript pp. 8 and 9). Nothing la the record or the Post Conviction Relief Application indicates that Petitioner should have been evaluated or didn’t understand the proceedings, "When Petitioner was asked by the Court if he in fhot committed the crimes of forcible rape, second degree kidnapping and armed robbery he responded 'Tes, Sir”. (Transcript p. 10) Those claims are therefore also DENIED.
Petitioner further claims that there is insufficient evidence to support his charge, This Court DENIES this claim. There is no record of a trial wherein this Court could review evidence presented to a juiy in order to determine sufficiency. In an abundance of caution, this Court reviewed the record and finds ample evidence to support the above identified charges, most specifically, a statement by die Petitioner admitting that he was the driver of the vehicle.
Petitioner finally claims that his sentence subjects him to cruel and unusual punishment due to the fact ttalhe is sentenced for charges he did hot commit. As explained above, Petitioner was a principal to the crimes as charged. The crimes charged by Grand Jury Indictment carried life sentences. Petitioner was sentenced to 35 years with the Department of Corrections as a result of a plea bargain. Absolutely nothing about this sentence is cruel, unusual, or excessive considering the violent and offensive nature of this crime.
This Court finds that Petitioner’s counsel was not deficient in his representation, that Petitioner’s guilty plea was not based on erroneous advice and was knowing and voluntary, and that Petitioner’s sentence is not shocking to one’s sense of justice and not cruel or excessive. This Post Conviction Relief Application is DENIED.
[[Image here]]